UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. **19-20284-CR-SCOLA/TORRES**

18 U.S.C. § 371
18 U.S.C. § 1956(h)
18 U.S.C. § 1956(a)(1)(B)(i)
18 U.S.C. § 1956(a)(2)(A)
18 U.S.C. § 2
18 U.S.C. § 981(a)(1)(C)
18 U.S.C. § 982(a)(1)

UNITED STATES OF AMERICA

vs.

ARMENGOL ALFONSO CEVALLOS DIAZ,
and
JOSE MELQUIADES CISNEROS ALARCON,

                **Defendants.**
_____/

## INDICTMENT

The Grand Jury charges that:

### GENERAL ALLEGATIONS

At all times relevant to this Indictment:

1. Defendant **ARMENGOL ALFONSO CEVALLOS DIAZ** was an Ecuadorian citizen residing in the Southern District of Florida since at least in or about 2016. From at least January 2011 through at least in or around January 2013, **CEVALLOS** was a director of a company that was a "domestic concern" as that term is defined in the Foreign Corrupt Practices Act ("FCPA"), Title 15, United States Code, Section 78dd-2(h)(2)(B).

2. Defendant **JOSE MELQUIADES CISNEROS ALARCON** was an Ecuadorian citizen and a permanent resident of the United States who resided in the Southern District of Florida. **CISNEROS** was a "domestic concern" as that term is defined in the FCPA, Title 15, United States

Code, Section 78dd-2(h)(1) and a director of a company that was a "domestic concern" as that term is defined in the FCPA, Title 15, United States Code, Section 78dd-2(h)(2)(B).

3. Empresa Publica de Hidrocarburos del Ecuador ("PetroEcuador") was the state-owned oil company of Ecuador. PetroEcuador was wholly-owned and controlled by the government of Ecuador and performed a function that Ecuador treated as its own, and thus was an "instrumentality" of the Ecuadorian government as that term is used in the FCPA, Title 15, United States Code, Sections 78dd-2(h)(2)(A), 78dd-3(f)(2)(A).

4. Marcelo Reyes Lopez ("Reyes") was an employee of PetroEcuador from at least in or about 2012 through at least in or about 2013. Reyes was a "foreign official" as that term is defined in the FCPA, Title 15, United States Code, Sections 78dd-2(h)(2)(A), 78dd-3(f)(2)(A).

5. "PetroEcuador Official 1" an individual whose identity is known to the Grand Jury, was an employee of PetroEcuador from at least in or about 2013 through at least 2016. PetroEcuador Official 1 was a "foreign official" as that term is defined in the FCPA, Title 15, United States Code, Sections 78dd-2(h)(2)(A), 78dd-3(f)(2)(A).

6. "PetroEcuador Official 2," an individual whose identity is known to the Grand Jury, was an employee of PetroEcuador from at least in or about 2012 through at least in or about 2013. PetroEcuador Official 2 was a "foreign official" as that term is defined in the FCPA, Title 15, United States Code, Sections 78dd-2(h)(2)(A), 78dd-3(f)(2)(A).

7. GalileoEnergy S.A. ("Galileo") was an Ecuadorian company that provided services in the oil industry, including to PetroEcuador.

8. "Oil Services Company," a company whose identity is known to the Grand Jury, was an Ecuadorian company that provided services in the oil industry, including to PetroEcuador.

9. "Intermediary Company 1," a company whose identity is known to the Grand Jury, was an import/export company based in Miami-Dade County, Florida. Intermediary Company 1

was a "domestic concern" as that term is defined in the FCPA, Title 15, United States Code, Section 78dd-2(h)(2)(B).  Intermediary Company 1 held a bank account in Miami-Dade County, Florida. **JOSE MELQUIADES CISNEROS ALARCON** was a director of Intermediary Company 1 and controlled Intermediary Company 1's U.S. bank account.

10. "Intermediary Company 2," a company whose identity is known to the Grand Jury, was an import/export company based in Miami-Dade County, Florida.  Intermediary Company 2 was a "domestic concern" as that term is defined in the FCPA, Title 15, United States Code, Section 78dd-2(h)(2)(B).  Intermediary Company 2 held several bank accounts in Miami-Dade County, Florida, including "Intermediary Company 2 U.S. Bank Account 1", and "Intermediary Company 2 U.S. Bank Account 2."  At various times, **ARMENGOL ALFONSO CEVALLOS DIAZ**, **JOSE MELQUIADES CISNEROS ALARCON**, and their family members were listed as officers/directors of Intermediary Company 2.  **JOSE MELQUIADES CISNEROS ALARCON** was one of the authorized signers for the Intermediary Company 2 U.S. Bank Account 1. **ARMENGOL ALFONSO CEVALLOS DIAZ** was the authorized signer for the Intermediary Company 2 U.S. Bank Account 2.

11. "Intermediary Company 3," a company whose identity is known to the Grand Jury, was an import/export company based in Miami-Dade County, Florida.  Intermediary Company 3 was a "domestic concern" as that term is defined in the FCPA, Title 15, United States Code, Section 78dd-2(h)(2)(B).  Intermediary Company 3 held a bank account in Miami-Dade County, Florida. **JOSE MELQUIADES CISNEROS ALARCON** was the president of Intermediary Company 3 and he and one of his relatives were the authorized signers for Intermediary Company 3's U.S. bank account.

12. O&G International Supplies Inc. ("O&G") was a Miami-based company that **ARMENGOL ALFONSO CEVALLOS DIAZ** and **JOSE MELQUIADES CISNEROS**

**ALARCON** created in or about 2013 for the purpose of receiving bribe proceeds for Reyes. O&G was a "domestic concern" as that term is defined in the FCPA, Title 15, United States Code, Section 78dd-2(h)(2)(B). O&G held a bank account in Miami-Dade County, Florida ("O&G U.S. Bank Account"). **JOSE MELQUIADES CISNEROS ALARCON** was a director of O&G until in or around February 2015, when he transferred the company and its assets to Reyes.

<u>**COUNT 1**</u>
**CONSPIRACY TO VIOLATE THE FCPA**
**(18 U.S.C. § 371)**

1. The General Allegations section of this Indictment is re-alleged and incorporated by reference as through fully set forth herein.

2. From in or about 2012 through in or about 2015, the exact dates being unknown to the Grand Jury, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendants,

**ARMENGOL ALFONSO CEVALLOS DIAZ**
**and**
**JOSE MELQUIADES CISNEROS ALARCON,**

together with others, did willfully, that is, with the intent to further the objects of the conspiracy, and knowingly combine, conspire, confederate and agree to commit certain offenses against the United States, that is:

(a) being a domestic concern, and a director, officer and employee of a domestic concern, to make use of the mails, means and instrumentalities of interstate commerce corruptly in furtherance of an offer, payment, promise to pay, and authorization of the payment of any money, offer, gift, promise to give, and authorization of the giving of anything of value, to a foreign official or to a person, while knowing that all or part of such money or thing of value would be and had been offered, given, and promised to a foreign official, for purposes of: (i) influencing any act and decision of such foreign official in his or her official capacity;

4

(ii) inducing such foreign official to do and omit to do any act in violation of the lawful duty of such official; (iii) securing any improper advantage; and (iv) inducing such foreign official to use his or her influence with a foreign government or agencies or instrumentalities thereof to affect and influence any act and decision of such government or agencies or instrumentalities, in order to assist **ARMENGOL ALFONSO CEVALLOS DIAZ, JOSE MELQUIADES CISNEROS ALARCON** and other domestic concerns in obtaining and retaining business for and with, and directing business to **ARMENGOL ALFONSO CEVALLOS DIAZ, JOSE MELQUIADES CISNEROS ALARCON** and companies controlled by or associated with **ARMENGOL ALFONSO CEVALLOS DIAZ** and others, in violation of Title 15, United States Code, Section 78dd-2(a)(1).

(b) while in the territory of the United States, to corruptly make use of the mails and a means and instrumentality of interstate commerce and to do any other act in furtherance of an offer, payment, promise to pay, and authorization of the payment of any money, offer, gift, promise to give, and authorization of the giving of anything of value to a foreign official, and to a person, while knowing that all or a portion of such money and thing of value would be and had been offered, given, and promised to a foreign official, for purposes of: (i) influencing any act and decision of such foreign official in his or her official capacity; (ii) inducing such foreign official to do and omit to do any act in violation of the lawful duty of such official; (iii) securing any improper advantage; and (iv) inducing such foreign official to use his or her influence with a foreign government and agencies and instrumentalities thereof to affect and influence acts and decisions of such government and agencies and instrumentalities, in order to assist **ARMENGOL ALFONSO CEVALLOS DIAZ,** Galileo and others in obtaining and retaining business for and with, and directing business to, **ARMENGOL ALFONSO CEVALLOS DIAZ, JOSE MELQUIADES CISNEROS**

ALARCON and companies controlled by or associated with **ARMENGOL ALFONSO CEVALLOS DIAZ** and others, in violation of Title 15, United States Code, Section 78dd-3(a)(1).

## PURPOSE OF THE CONSPIRACY

3. It was a purpose of the conspiracy for the defendants and their co-conspirators to unlawfully enrich themselves by making corrupt payments to PetroEcuador officials in order to obtain and retain contracts from PetroEcuador for companies controlled by or associated with **ARMENGOL ALFONSO CEVALLOS DIAZ** and others.

## MANNER AND MEANS OF THE CONSPIRACY

The manner and means by which the defendants and their co-conspirators sought to accomplish the objects and purpose of the conspiracy included, among other things, the following:

4. **ARMENGOL ALFONSO CEVALLOS DIAZ** and **JOSE MELQUIADES CISNEROS ALARCON**, together with their co-conspirators, discussed in person, via email, and via telephone the need to and their agreement to pay bribes to secure and retain contracts from PetroEcuador and to obtain payments on those contracts.

5. **ARMENGOL ALFONSO CEVALLOS DIAZ** and **JOSE MELQUIADES CISNEROS ALARCON**, together with their co-conspirators, discussed in person, via email, and via telephone the manner and means by which they would pay bribes to officials at PetroEcuador to secure and retain contracts from PetroEcuador and to obtain payments on those contracts, including via wire transfers.

6. **ARMENGOL ALFONSO CEVALLOS DIAZ** and **JOSE MELQUIADES CISNEROS ALARCON**, together with their co-conspirators, caused wire transfers to be made through, among others, Intermediary Company 1, Intermediary Company 2, and Intermediary Company 3, to funnel bribe payments totaling approximately $4,400,000 to PetroEcuador officials.

7. **ARMENGOL ALFONSO CEVALLOS DIAZ** and **JOSE MELQUIADES CISNEROS ALARCON**, together with their co-conspirators, also attempted to conceal the bribe payments to Reyes by creating O&G, opening a U.S. bank account for O&G, and holding O&G in **CISNEROS's** name while Reyes was a PetroEcuador official.

## OVERT ACTS

In furtherance of the conspiracy and to accomplish its objects and purpose, at least one of the co-conspirators committed and caused to be committed, in the Southern District of Florida, and elsewhere, at least one of the following overt acts, among others:

1. On or about February 13, 2013, at the direction of **ARMENGOL ALFONSO CEVALLOS DIAZ**, Oil Services Company caused a wire transfer of approximately $1,314,733 to be sent from a U.S.-based bank account to Intermediary Company 1's U.S. bank account for the ultimate benefit of PetroEcuador officials.

2. On or about February 13, 2013, at the direction of **ARMENGOL ALFONSO CEVALLOS DIAZ**, Oil Services Company caused a wire transfer of approximately $1,314,733 to be sent from a U.S.-based bank account to the Intermediary Company 2 U.S. Bank Account 1 for the ultimate benefit of PetroEcuador officials.

3. On or about February 13, 2013, at the direction of **ARMENGOL ALFONSO CEVALLOS DIAZ**, Oil Services Company caused a wire transfer in the amount of approximately $2 million to be sent from a U.S.-based bank account to a U.S. bank account held in the name of a Texas-based company for the ultimate benefit of PetroEcuador officials.

4. On or about February 27, 2013, at the direction of co-conspirator PetroEcuador Official 1, the owner of Galileo and his financial advisor caused approximately $700,000 to be sent from a bank account outside of the United States to Intermediary Company 1's U.S. bank account for the ultimate benefit of PetroEcuador officials, including Reyes.

7

5. On or about March 12, 2013, **ARMENGOL ALFONSO CEVALLOS DIAZ** caused a check from the Texas-based company in the amount of $500,000 to be deposited into the Intermediary Company 2 U.S. Bank Account 2.

6. On or about March 13, 2013, **ARMENGOL ALFONSO CEVALLOS DIAZ** caused a second check from the Texas-based company in Overt Act 3 in the amount of $500,000 to be deposited into the Intermediary Company 2 U.S. Bank Account 2.

7. On or about March 28, 2013, **JOSE MELQUIADES CISNEROS ALARCON** purchased a property in the Southern District of Florida held in the name of a family member of PetroEcuador Official 2.

8. On or about May 3, 2013, **JOSE MELQUIADES CISNEROS ALARCON** purchased a property in the Southern District of Florida held in the name of a family member of PetroEcuador Official 2.

9. On or about June 5, 2014, **ARMENGOL ALFONSO CEVALLOS DIAZ**, while in the Southern District of Florida, caused the wire transfer of approximately $55,000 from a U.S. bank account in his name to Intermediary Company 1's U.S. bank account for the benefit of Reyes.

10. On or about June 9, 2014, **JOSE MELQUIADES CISNEROS ALARCON** caused the wire transfer of approximately $47,500 from Intermediary Company 1's U.S. bank account to a U.S. bank account of a Miami-based law office for the benefit of Reyes.

11. On or about February 23, 2015, **JOSE MELQUIADES CISNEROS ALARCON** transferred ownership of O&G, which owned six properties purchased in part with proceeds of the bribe payments from Oil Services Company and Galileo, to Reyes and Reyes' family member.

All in violation of Title 18, United States Code, Section 371.

## COUNT 2
## CONSPIRACY TO COMMIT MONEY LAUNDERING
## (18 U.S.C. § 1956(h))

1. The General Allegations section of this Indictment and paragraphs 3 through 7 of the Manner and Means of the Conspiracy section of Count 1 are re-alleged and incorporated by reference as though fully set forth herein.

2. From in or around February 2013, through in or around August 2015, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendants,

**ARMENGOL ALFONSO CEVALLOS DIAZ**
**and**
**JOSE MELQUIADES CISNEROS ALARCON,**

together with others, did willfully, that is, with the intent to further the objects of the conspiracy, and knowingly combine, conspire, confederate and agree to commit certain offenses against the United States, that is:

a. to knowingly conduct and attempt to conduct a financial transaction affecting interstate and foreign commerce, which financial transaction involved the proceeds of specified unlawful activity, knowing that the property involved in the financial transaction represented the proceeds of some form of unlawful activity, and knowing that the transaction was designed, in whole and in part, to conceal and disguise the nature, the location, the source, the ownership, and the control of the proceeds of specified unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i); and

b. to transport, transmit, and transfer a monetary instrument and funds from a place in the United States to or through a place outside the United States or to a place in the United States from or through a place outside the United States, with the intent to promote the carrying on of specified unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(2)(A).

3. It is further alleged that the specified unlawful activity is: (i) felony violations of the FCPA, Title 15, United States Code, Sections 78dd-2 and 78dd-3; and (ii) offenses against a foreign nation involving bribery of a public official in violation of foreign law, specifically the Ecuadorian Penal Code, pursuant to Title 18, United States Code, Section 1956(c)(7)(B)(iv).

All in violation of Title 18, United States Code, Section 1956(h).

## COUNTS 3-6
## MONEY LAUNDERING
## (18 U.S.C. § 1956(a)(1)(B)(i))

1. The General Allegations section of this Indictment and paragraphs 3 through 7 of the Manner and Means of the Conspiracy section of Count 1 are re-alleged and incorporated by reference as though fully set forth here.

2. On or about the dates set forth below, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendants,

**ARMENGOL ALFONSO CEVALLOS DIAZ**
and
**JOSE MELQUIADES CISNEROS ALARCON,**

knowingly conducted and attempted to conduct a financial transaction affecting interstate commerce, which financial transaction involved the proceeds of specified unlawful activity, knowing that the property involved in the financial transaction represented the proceeds of some form of unlawful activity, and knowing that such transaction was designed, in whole and in part, to conceal and disguise the nature, the location, the source, the ownership and the control of the proceeds of specified unlawful activity, that is: (i) felony violations of the FCPA, Title 15, United States Code, Sections 78dd-2 and 78dd-3; and (ii) offenses against a foreign nation involving bribery of a public official in violation of foreign law, specifically the Ecuadorian Penal Code, pursuant to Title 18, United States Code, Section 1956(c)(7)(B)(iv), as follows:

| COUNT | APPROX. DATE OF TRANSACTION | DESCRIPTION OF FINANCIAL TRANSACTION |
|---|---|---|
| 3 | May 30, 2014 | Check of approximately $20,000 from Intermediary Company 1's U.S. bank account to a U.S. bank account of a law office in Miami, Florida for the benefit of Reyes |
| 4 | June 10, 2014 | Wire transfer of approximately $472,598 from O&G's U.S. Bank Account to a U.S. bank account of a law office in Miami, Florida for the benefit of Reyes |
| 5 | June 12, 2014 | Wire transfer of approximately $159,496 from O&G's U.S. account to a U.S. bank account of a law office in Miami, Florida for the benefit of Reyes |
| 6 | November 7, 2014 | Wire transfer of approximately $706,720 from O&G's U.S. account to a real estate title company in Miami, Florida for the benefit of Reyes |

In violation of Title 18, United States Code, Sections 1956(a)(1)(B)(i) and 2.

## COUNTS 7-11
## MONEY LAUNDERING
## (18 U.S.C. § 1956(a)(2)(A))

1. The General Allegations section of this Indictment and paragraphs 3 through 7 of the Manner and Means of the Conspiracy section of Count 1 are re-alleged and incorporated by reference as though fully set forth herein.

2. On or about the dates set forth below, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendants,

**ARMENGOL ALFONSO CEVALLOS DIAZ**
**and**
**JOSE MELQUIADES CISNEROS ALARCON,**

knowingly transported, transmitted, and transferred a monetary instrument and funds from a place in the United States to or through a place outside the United States or to a place in the United States from or through a place outside the United States, with the intent to promote the carrying on of specified unlawful activity, that is: (i) felony violations of the FCPA, Title 15, United States Code, Sections 78dd-2 and 78dd-3; and (ii) offenses against a foreign nation involving bribery of a public official in violation of foreign law, specifically the Ecuadorian Penal Code, pursuant to Title 18,

11

United States Code, Section 1956(c)(7)(B)(iv), as follows:

| COUNT | APPROX. DATE OF TRANSACTION | DESCRIPTION OF FINANCIAL TRANSACTION |
|---|---|---|
| 7 | June 11, 2014 | Wire transfer of approximately $109,352 from a bank account in Ecuador to O&G's U.S. account in Miami-Dade County for the benefit of Reyes |
| 8 | October 17, 2014 | Wire transfer of approximately $230,683 from the Ecuadorian bank account of a company associated with **ARMENGOL ALFONSO CEVALLOS DIAZ** to Intermediary Company 1's U.S. bank account in Miami-Dade County for the benefit of Reyes |
| 9 | August 3, 2015 | Wire transfer of approximately $425,000 from Intermediary Company 3's U.S. bank account in Miami-Dade County to a Panamanian bank account controlled by PetroEcuador Official 1 |
| 10 | August 10, 2015 | Wire transfer of approximately $250,000 from Intermediary Company 3's U.S. bank account in Miami-Dade County to a Panamanian bank account controlled by PetroEcuador Official 1 |
| 11 | August 10, 2015 | Wire transfer of approximately $250,000 from Intermediary Company 3's U.S. bank account in Miami–Dade County to a Panamanian bank account controlled by PetroEcuador Official 1 |

In violation of Title 18, United States Code, Sections 1956(a)(2)(A) and 2.

## FORFEITURE
(18 U.S.C. §§ 981(a)(1)(C), and 982(a)(1))

1. The allegations contained in this Indictment are re-alleged and incorporated by reference as though fully set forth herein for the purpose of alleging forfeiture to the United States of certain property in which the defendants, **ARMENGOL ALFONSO CEVALLOS DIAZ** and **JOSE MELQUIADES CISNEROS ALARCON**, have an interest.

2. Upon conviction of a conspiracy to violate Title 15, United States Code, Sections 78dd-2 and/or 78dd-3, as alleged in this Indictment, the defendants shall each forfeit to the United States any property, real or personal, which constitutes or is derived from proceeds traceable to such offense, pursuant to Title 18, United States Code, Section 981(a)(1)(C).

3. Upon conviction of a violation of Title 18, United States Code, Section 1956(a), or a conspiracy to commit such an offense, as alleged in this Indictment, the defendants shall each forfeit to the United States any property, real or personal, that is involved in such offense, or any property traceable to such property, pursuant to Title 18, United States Code, Section 982(a)(1).

4. If any property subject to forfeiture, as a result of any act or omission of any defendant,

   a. cannot be located upon the exercise of due diligence,
   b. has been transferred or sold to, or deposited with, a third party,
   c. has been placed beyond the jurisdiction of the Court,
   d. has been substantially diminished in value, or
   e. has been commingled with other property which cannot be divided without difficulty,

the United States shall be entitled to forfeiture of substitute property under the provisions of Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1) and Title 28, United States Code, Section 2461(c).

All pursuant to Title 18, United States Code, Sections 981(a)(1)(C) and 982(a)(1) and the procedures set forth in Title 21, United States Code, Section 853, as made applicable by Title 28, United States Code, Section 2461(c) and by Title 18, United States Code, Section 982(b)(1).

A TRUE BILL,

FOREPERSON

ARIANA FAJARDO ORSHAN
UNITED STATES ATTORNEY

KAREN E. ROCHLIN
ASSISTANT UNITED STATES ATTORNEY

ROBERT ZINK, ACTING CHIEF
CRIMINAL DIVISION, FRAUD SECTION
U.S. DEPARTMENT OF JUSTICE

LORINDA LARYEA, ASSISTANT CHIEF
KATHERINE RAUT, TRIAL ATTORNEY
DAVID FUHR, TRIAL ATTORNEY
CRIMINAL DIVISION, FRAUD SECTION

DEBORAH L. CONNOR, CHIEF
CRIMINAL DIVISION, MONEY LAUNDERING
& ASSET RECOVERY SECTION
U.S. DEPARTMENT OF JUSTICE

RANDALL WARDEN, TRIAL ATTORNEY
MARYANN MCCARTHY, TRIAL ATTORNEY
CRIMINAL DIVISION, MONEY LAUNDERING
& ASSET RECOVERY SECTION
U. S. DEPARTMENT OF JUSTICE

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA

v.

**Armengol Alfonso Cevallos Diaz, and
Jose Melquiades Cisneros Alarcon**

_____ Defendants. _____/

CASE NO._____

## CERTIFICATE OF TRIAL ATTORNEY*

**Superseding Case Information:**

**Court Division:** (Select One)
- ✓ Miami
- ___ FTL
- ___ Key West
- ___ WPB
- ___ FTP

| | |
|---|---|
| New defendant(s) | Yes ___ No ___ |
| Number of new defendants | ___ |
| Total number of counts | ___ |

1. I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.

2. I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. Section 3161.

3. Interpreter:    (Yes or No)    Yes
   List language and/or dialect    SPANISH

4. This case will take __10__ days for the parties to try.

5. Please check appropriate category and type of offense listed below:

   (Check only one)

   | | | | (Check only one) | |
   |---|---|---|---|---|
   | I | 0 to 5 days | ___ | Petty | ___ |
   | II | 6 to 10 days | ✓ | Minor | ___ |
   | III | 11 to 20 days | ___ | Misdem. | ___ |
   | IV | 21 to 60 days | ___ | Felony | ✓ |
   | V | 61 days and over | ___ | | |

6. Has this case previously been filed in this District Court?    (Yes or No)    No
   If yes: Judge _____    Case No. _____
   (Attach copy of dispositive order)
   Has a complaint been filed in this matter?    (Yes or No)    No
   If yes: Magistrate Case No. _____
   Related miscellaneous numbers: _____
   Defendant(s) in federal custody as of _____
   Defendant(s) in state custody as of _____
   Rule 20 from the District of _____

   Is this a potential death penalty case? (Yes or No)    No

7. Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to August 9, 2013 (Mag. Judge Alicia O. Valle)?    Yes ___    No ✓

8. Does this case originate from a matter pending in the Northern Region U.S. Attorney's Office prior to August 8, 2014 (Mag. Judge Shaniek Maynard)?    Yes ___    No ✓

_____
KAREN E. ROCHLIN
ASSISTANT UNITED STATES ATTORNEY
Court ID No. A5500050

*Penalty Sheet(s) attached                                        REV 8/13/2018

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name**:  Armengol Alfonso Cevallos Diaz

**Case No**: _____

Count #: 1

Conspiracy to Violate the FCPA

Title 18, United States Code, Section 371

* **Max. Penalty**: Five (5) years' imprisonment

Count #: 2

Conspiracy to Commit Money Laundering

Title 18, United States Code, Section 1956(h)

***Max. Penalty:** Twenty (20) years' imprisonment

Counts #: 3-6

Money Laundering

Title 18, United States Code, Section 1956(a)(1)(B)(i)

***Max. Penalty:** Twenty (20) years' imprisonment as to each count

Counts #: 7-11

Money Laundering

Title 18, United States Code, Section 1956(a)(2)(A)

***Max. Penalty:** Twenty (20) years' imprisonment as to each count

*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name**: Jose Melquiades Cisneros Alarcon

**Case No**: _____

Count #: 1

Conspiracy to Violate the FCPA

Title 18, United States Code, Section 371

* **Max. Penalty**: Five (5) years' imprisonment

Count #: 2

Conspiracy to Commit Money Laundering

Title 18, United States Code, Section 1956(h)

*__Max. Penalty:__ Twenty (20) years' imprisonment

Counts #: 3-6

Money Laundering

Title 18, United States Code, Section 1956(a)(1)(B)(i)

*__Max. Penalty:__ Twenty (20) years' imprisonment as to each count

Counts #: 7-11

Money Laundering

Title 18, United States Code, Section 1956(a)(2)(A)

*__Max. Penalty:__ Twenty (20) years' imprisonment as to each count

*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.